IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
EL PASO DIVISION

| | | |
|---|---|---|
| ALEJANDRO HERNANDEZ | § | |
|     Plaintiff, | § | |
| | § | |
| vs. | § | |
| | § | CIVIL ACTION |
| CONSTABLE R.A. SOMMERS PRECINCT #7, | § | |
| U.S. BANK TRUST N.A., AS TRUSTEE FOR THE LSF8 MASTER PARTICIPATION TRUST, | § | NO. _____ EP19CV0079 |
| ALBERTO ENRIQUE HERNANDEZ, REYNALDO AARON MORALES, AND VICTOR VAZQUEZ, | § | |
|     Defendants. | § | |

## PLAINTIFF'S ORIGINAL COMPLAINT

TO THE HONORABLE JUDGE OF SAID COURT:

Now Comes, ALEJANDRO HERNANDEZ (hereinafter the "Plaintiff"), bringing causes of action against all Defendants, individually and collectively for claims under 42 U.S.C. § 1985, 42 U.S.C. § 1986, and 18 U.S.C. § 1343 in order to violate Plaintiffs "equal rights" under the Protecting Tenants at Foreclosure Act. In support thereof Plaintiff respectfully shows the Court as follow:

### PARTIES

1.  Plaintiff, ALEJANDRO HERNANDEZ, is an individual, and resides in El Paso County, Texas.

2.  Defendant, CONSTABLE R.A. SOMMERS, (hereinafter "Defendant SOMMERS") is currently the elected Constable of El Paso County, Texas, Precinct 7,

and currently holds this position and is responsible for executing the writ of possession which relates to the basis of which this suit pertains. She may be served with process at 431 VINTON RD., VINTON, TX 79821, or wherever she may be found.

3.   Defendant, U.S. BANK, N.A., AS TRUSTEE FOR LSF8 MASTER PARTICIPATION TRUST (hereinafter "Defendant BANK") is an unincorporated organization which owned the subject property, and which conducts business in El Paso County, Texas, and may be served at 16745 W. BERNARDO DRIVE, STE. 300, SAN DIEGO, CA 92127.

4.   Defendant, ALBERTO ENRIQUE HERNANDEZ, (hereinafter "Defendant HERNANDEZ") is an individual that resides in El Paso County, Texas, and is sued in his individual capacity. Defendant Hernandez may be served at 1477 PASEO DE FLOR, EL PASO, TX 79928, or wherever he may be found.

5.   Defendant, REYNALDO AARON MORALES, (hereinafter "Defendant MORALES") is an individual that resides in El Paso County, Texas, and is sued in his individual capacity. Defendant Hernandez may be served at 1481 PASEO DE FLOR, EL PASO, TX 79928, or wherever he may be found.

6.   Defendant, VICTOR VAZQUEZ, (hereinafter "Defendant VAZQUEZ") is an individual that resides in El Paso County, Texas, and is sued in his individual capacity. Defendant VAZQUEZ may be served at 3120 GATEWAY BLVD. E., EL PASO, TEXAS 79912, or wherever he may be found.

## JURISDICTION AND VENUE

7. The Defendants, individually and in collusion, violated Plaintiff's civil rights under 42 U.S.C. § 1985, 42 U.S.C. § 1986, and 18 U.S.C. § 1343 in order to violate Plaintiffs "equal rights" under the Protecting Tenants at Foreclosure Act. These causes of action constitutes federal question jurisdiction with the District Court pursuant to Title 28 United States Code Sections 1331 & 1343(a)(3)(4).

8. Venue is proper in the Western District of Texas El Paso Division pursuant to Title 28 United States Code Section 1391(b)(2).

## STATEMENT OF FACTS

9. On March 13, 2017, Plaintiff went through a writ of possession, his personal belongings were removed from the residence where he lived, 5139 Sterling Place, El Paso, Texas 79932 ("subject property"), and he was physically removed from the subject property.

10. The writ of possession was executed by Defendant Sommers with the cooperation of the other Defendants.

11. The Defendants colluded to evict Plaintiff via a writ of possession; having full knowledge that Plaintiff was a bona fide tenant and was entitled to a 90 days notice to vacate prior to being evicted per the requirements of the Protecting Tenants at Foreclosure Act (hereinafter "PTFA"). Plaintiff never received said notice.

12. Defendants entered into a scheme to defraud by means of false pretenses in order to accomplish the eviction of Plaintiff without providing Plaintiff the required 90 day notice to

vacate. The Defendants knowingly and willfully participated in the scheme to defraud, and used interstate wire communications in furtherance of the scheme.

13. The Defendants' conduct was for the purpose of depriving plaintiff of the equal protection or of equal privileges and immunities he was entitled to under the PTFA.

14. The Defendants, individually or collectively, who, having knowledge that any of the wrongs conspired to be done, and mentioned above, are about to be committed, and having power to prevent or aid in preventing the commission of the same, neglected or refused so to do.

### Cause of Action – 42 U.S.C. §1985

15. The Defendants entered into (1) a conspiracy of two or more persons; (2) for the purpose of depriving, directly or indirectly, a person or class of persons of the equal protection of the laws, or of equal privileges and immunities under the laws; and (3) an act in furtherance of the conspiracy; (4) which causes injury to a person or property, or deprives him of a right or privilege of a United States citizen.

### Cause of Action – 42 U.S.C. §1986

16. Section 1986 "extends liability in damages to those persons 'who, having knowledge that any of the wrongs conspired to be done, and mentioned in section 1985 ... are about to be committed, and having power to prevent or aid in preventing the commission of the same, (neglect or refuse) so to do ....'" *Bradt v. Smith*, 634 F.2d 796, 801–02 (5th Cir. 1981) (citing 42 U.S.C. § 1986)(parenthesis in *Bradt*).

### Cause of Action – 18 U.S.C. § 1343

17. Defendants individually and collectively colluded to enter into a (1) scheme to defraud by means of false pretenses, (2) Defendants knowingly and willfully participated in the scheme with

intent to defraud, and (3) Defendants colluded to the use of interstate wire communications in furtherance of scheme.

### *Prayer*

18. For these reasons, Plaintiff asks that the court issue Summons for Defendants to appear and answer, and that Plaintiff be awarded a judgment against Defendants for the following:

a. Actual damages;

b. Prejudgment and post judgment interest;

c. Court costs;

d. All other relief to which Plaintiff may be entitled.

### *Jury Demand*

19. Plaintiff demands a jury trial and tenders the appropriate fee with this Complaint.

Respectfully submitted,

*Alejandro Hernandez*
Alejandro Hernandez
P.O. Box 13734
El Paso, TX 79913
(915) 258-1666
Email: flexyourrights@outlook.com